# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| INSURELUTIONS, INC., etc., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 11-0362-WS-B |
| TALLEY BENAVIDEZ, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 9). The parties have filed briefs in support of their respective positions, (Docs. 9, 14, 16),[1] and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes the motion is due to be granted.

## BACKGROUND

The plaintiff brought this action in the Circuit Court of Baldwin County. Suit is based on an employment agreement between the parties ("the Agreement"). Section V of the Agreement contains a non-compete provision, which the complaint alleges the defendant has violated. (Doc. 1 at 5-10).

Section X of the Agreement provides in pertinent part as follows: "It is agreed between the parties that venue and jurisdiction for any legal action brought in connection with this agreement shall be with the state and/or superior courts of Baldwin County, Alabama." (Doc. 1 at 17). Section X also provides that the Agreement is to be construed

---

[1] The defendant's motion to supplement the record, (Doc. 23), is **granted**.

[1]

in accordance with Alabama law and that Alabama law will govern in any lawsuit brought in connection with the Agreement. (*Id*. at 16-17).

The complaint alleges, and the parties agree, that they are of diverse citizenship[2] and that the amount in controversy exceeds $75,000. The defendant removed on the basis of diversity jurisdiction. While conceding that diversity jurisdiction is nominally present, the plaintiff argues that remand is required by Section X.[3] The defendant disagrees and seeks, by separate motion, a transfer of this action to the Southern District of California.

## DISCUSSION

Challenges to forum selection clauses, including the present one, partake of two related inquiries: Whether the clause requires or precludes the venue under consideration, and whether the clause is enforceable. *See, e.g., Slater v. Energy Services Group International, Inc.*, 634 F.3d 1326, 1330-32 (11th Cir. 2011). The Court addresses these issues in turn.

### A. Interpretation of the Forum Selection Clause.

"[I]n the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver of removal." *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (internal quotes omitted); *accord id*. at 1272. The defendant argues that the "ordinary contract principles" governing the Court's interpretation of Section X are those of California. (Doc. 14 at 3). None of his cited authorities actually look to state rules in construing a forum selection clause, and two of them expressly state that federal – not state – contract

---

[2] The plaintiff is an Alabama citizen and the defendant a citizen of California.

[3] The Court has "inherent power to remand a removed case when appropriate to enforce a forum selection clause." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999).

principles apply.[4] The Court finds no similarly explicit statement in Eleventh Circuit jurisprudence, but *Slater*[5] relied on footnote 11 from *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298 (11th Cir. 2008), which states that, "[w]hen *interpreting contracts under federal law*, courts look to general common law on contracts." *Id.* at 1307 n.11 (emphasis added). *Slater* thus provides a clear indication that the Eleventh Circuit interprets forum selection clauses using the ordinary contract principles of federal law, not state law. Moreover, in practice the Eleventh Circuit does not cite state-law contract principles in determining the meaning of forum selection clauses.[6] Accordingly, the Court utilizes the interpretative analysis employed by the Eleventh Circuit, not that of California.

If, under ordinary contract principles, a forum selection clause is ambiguous, the ambiguity is to be resolved against the drafter. *E.g., Global Satellite*, 378 F.3d at 1271, 1274. Because the plaintiff drafted the form Agreement, the clause must unambiguously preclude a federal forum in order for it to obtain remand.

Section X extends to "any legal action brought in connection with this agreement." The complaint charges violations of Sections V and VI of the Agreement. This is unquestionably a legal action brought in connection with the Agreement. The defendant makes no argument to the contrary.

---

[4] *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) ("[W]e thus conclude that a federal court interpreting a forum selection clause must apply federal law in doing so."); *Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1162 (E.D. Cal. 2003) ("In cases based on diversity jurisdiction, 'federal law … applies to [the] interpretation of forum selection clauses.'" ((quoting *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).

[5] 634 F.3d at 1330.

[6] *See, e.g., Slater*, 634 F.3d at 1330-31; *Global Satellite*, 378 F.3d at 1271-74; *Ocwen Orlando Holdings Corp. v. Harvard Property Trust, LLC*, 526 F.3d 1379, 1380-81 (11th Cir. 2008); *Snapper*, 171 F.3d at 1260-62; *Florida Polk County v. Prison Health Services, Inc.*, 170 F.3d 1081, 1083-84 (11th Cir. 1999); *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985).

A forum selection clause can be either permissive or mandatory. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." *Global Satellite*, 378 F.3d at 1272 (internal quotes omitted). Section X cannot preclude removal unless it is mandatory.

"The contract provision, 'Venue shall be in Broward County,' because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue in Broward County, and Broward County alone." *Global Satellite*, 378 F.3d at 1272; *accord Slater*, 634 F.3d at 1330 (because the term "shall" is "one of requirement," a provision that "all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia" was mandatory); *City of West Palm Beach v. VisionAir, Inc.*, 199 Fed. Appx. 768, 770 (11th Cir. 2006) (provision that all claims "shall" be instituted and prosecuted in Palm Beach County required that suit "must" be maintained there). Section X employs "the imperative 'shall'" in a manner indistinguishable from that of *Global Satellite* and *Slater*. Accordingly, Section X mandates venue in Baldwin County.[7]

Even a mandatory forum selection clause may permit removal to federal court. Thus, "[v]enue shall be in Broward County" allowed suit either in state court or in a federal court located in Broward County. *Global Satellite*, 378 F.3d at 1272. Section X, however, does not provide for venue merely somewhere in Baldwin County but venue specifically "with the state and/or superior courts of Baldwin County." A state court is by definition not a federal court, and the defendant does not argue that "superior courts"

---

[7] The defendant relies on *Citro Florida* for the proposition that Section X is not mandatory. (Doc. 14 at 4). The clause there read, "Place of jurisdiction is Sao Paulo/Brazil." 760 F.2d at 1231. While the Court found this language ambiguous, the Eleventh Circuit in *Global Satellite* and *Slater* has found the obligatory "shall," in a provision substantially similar to the instant provision, to be unambiguously mandatory. That is the language, and the ruling, that controls here, and neither *Citro Florida* nor the cases from other jurisdictions on which the defendant relies, (Doc. 14 at 3 & n.2), can alter the result.

[4]

means, or even could mean, "federal courts."[8] The Court concludes that Section X unambiguously restricts venue over this action to state courts located within Baldwin County.[9]

### B.  Enforceability of the Forum Selection Clause.

The defendant concedes that "[t]he enforceability of a forum selection clause is governed by federal law ...." (Doc. 14 at 3). In the next clause of the same sentence, however, he contradictorily argues that enforceability "should be determined by the law of the jurisdiction whose law governs the rest of the contract." (citing *Abbott Laboratories v. Takeda Pharmaceutical Co.*, 476 F.3d 421, 423 (7th Cir. 2007)). The defendant takes that jurisdiction to be California.

When the issue arises in the context of a motion to transfer, "[c]onsideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law." *P & S Business Machines,*

---

[8] Some states denominate trial courts as "superior courts," Black's Law Dictionary 410 (9th ed. 2009), but the Court has been pointed to no usage of the term in describing a federal district court. *Cf. Lion Bonding & Surety Co. v. Karatz*, 262 U.S. 77, 90 (1923) ("Lower federal courts are not superior to state courts.").

[9] Section X does not speak of courts "in" Baldwin County, as in *Global Satellite*, but courts "of" Baldwin County. "As a matter of contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated." *Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, 2010 WL 3199886 at *6 (D.N.J. 2010) (citing cases decided by the First, Fifth, Ninth and Tenth Circuits); *accord New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548-49 (3rd Cir. 2011). Without acknowledging this string of appellate authority or the analysis it embodies, and without any explanation, the Eleventh Circuit stated in an unpublished decision that "the phrase 'the courts of the State of Florida' is ambiguous, potentially including not only state courts but federal courts as well." *Stateline Power Corp. v. Kremer*, 148 Fed. Appx. 770, 771 (11th Cir. 2005). "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). Since *Stateline* provided no legal analysis, its persuasive power is limited. Because, as discussed in text, Section X otherwise unambiguously limits venue to state courts, the Court need not decide whether it would follow *Stateline*.

*Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). This much is compelled by *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). The same result obtains in the admiralty realm. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). As the Sixth Circuit has recognized, *Stewart* and *Bremen* do not directly resolve whether state or federal law governs the enforceability of a forum selection clause in other contexts. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009).

*Wong* surveyed the appellate jurisprudence and concluded that *Takeda* represents the minority view. "Given the possibility of diverging state and federal law on an issue of great economic consequence, the risk of inconsistent decisions in diversity cases, and the strong federal interest in procedural matters in federal court," the Sixth Circuit cast its lot with the majority and "h[e]ld that in this diversity suit, the enforceability of the forum selection clause is governed by federal law." 589 F.3d at 827-28.

The *Wong* Court, citing *P & S*, identified the Eleventh Circuit as among those holding that federal law governs this decision. 589 F.3d at 827 & n.5. As noted, however, *P & S* addresses the issue only in the Section 1404(a) context. Outside such a statutory context, the issue calls for a "relatively unguided *Erie* choice." *Stewart*, 487 U.S. at 26 (internal quotes omitted). A plurality of the *Stewart* en banc Court, operating in this "unguided" arena, determined that "[v]enue is a matter of federal procedure" such that "venue in a diversity case is manifestly within the province of federal law." *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1068 (11th Cir. 1987). This, however, was not the majority view and at any rate, as noted above, the Supreme Court affirmed on "somewhat different reasoning," *Stewart*, 487 U.S. at 25, using Section 1404(a) as a base. So far as the Court can determine, no later Eleventh Circuit case has re-established the view of the *Stewart* plurality. Thus, a panel recently noted the existence of an unresolved

*Erie* issue concerning the enforceability of forum selection clauses. *Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231, 1235 (11th Cir. 2011).[10]

The Court therefore assumes that it remains an open question in this Circuit whether the enforceability of a forum selection clause in a diversity case not subject to Section 1404(a) is to be evaluated under federal law or state law. Under *Erie*, federal law governs if the issue is procedural, while state law governs if the issue is substantive; if the issue is substantive, it is the law of the forum state that controls. *E.g., McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001). The forum state is Alabama, and the *Rucke*r Court has already established that "there is no conflict between Alabama and federal law regarding the validity of forum selection clauses" because "[t]he analysis is the same under Alabama law." 632 F.3d at 1236. "Consequently, we can apply both federal and Alabama law harmoniously in deciding the validity of the forum selection clause in this case." *Id*.

The *Rucker* Court employed the *Bremen* analysis in determining the enforceability of a forum selection clause under federal or Alabama law, and the defendant urges the Court to do likewise. (Doc. 14 at 3, 8). This requires the defendant to make a "strong showing" that the clause, though "presumptively valid," nevertheless should not be enforced. 632 F.3d at 1236 (internal quotes omitted). "The *Bremen* factors provide that a forum selection clause is unenforceable when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy;

---

[10] In a case in which the forum selection clause issue arose, as here, on a motion to remand, the Eleventh Circuit has stated that "[t]he enforceability of a forum-selection clause in a diversity jurisdiction case is governed by federal law …" *Emerald Grande, Inc. v. Junkin*, 334 Fed. Appx. 975 (11th Cir. 2009). For this proposition, the Court offered no independent legal analysis but simply cited *P & S*. As shown in text, however, *P & S* extends no further than the Section 1404(a) context. For the reasons stated in note 8, *supra*, the Court does not rely on the *Emerald Grande* decision.

[7]

or (4) enforcement of the clause would contravene public policy." *Id*. (internal quotes omitted).

The defendant does not assert fraud or overreaching. In the heading of his argument, he makes a vague claim of inconvenience, (Doc. 14 at 8), but he does not address it in text.[11] The defendant does not address the third factor and, because he is not the plaintiff and asserts no counterclaim, it is unclear how he could invoke it. The first three *Bremen* factors thus do not suggest that the forum selection clause should not be enforced under federal or Alabama law. The defendant's only hope is thus to show that enforcement of the Baldwin County forum would contravene public policy.

The defendant identifies no federal or Alabama public policy that would be jeopardized by enforcing the forum selection clause. Instead, he notes that he is a California citizen working in California, where non-compete provisions like Section V are rendered void by statute.[12] The California public policy informing this statute, he argues, would be compromised were he reduced to a Baldwin County forum. (Doc. 14 at 8-9). The Court accepts for argument the defendant's description of California public policy.[13] He has not, however, demonstrated that this Court should, or an Alabama court

---

[11] Much less does he assert that litigating in Baldwin County "will be so gravely difficult and inconvenient that he will for all practical purposes be *deprived of his day in court*," as this consideration requires. *Rucker*, 632 F.3d at 1237 (emphasis in original, internal quotes omitted). On the contrary, in his motion to transfer the defendant admits that it is no more inconvenient for him to litigate in Alabama than it would be for the plaintiff to litigate in California. (Doc. 13 at 4).

[12] "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600.

[13] The California courts appear to apply the statute strictly, recognizing only a few statutory exceptions (apparently inapplicable here) but no judicially divined "narrow restraint" exception, and "California courts have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." *Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 290-92 (Cal. 2008).

(Continued)

would, resort to California public policy for purposes of evaluating the enforceability of the Agreement's forum selection clause.

The defendant makes no argument at all that federal law prompts the Court to make its decision based on California public policy. Assuming that the issue of enforceability is a substantive one governed by the law of the forum, Alabama's choice-of-law rules are considered substantive. *McMahan*, 256 F.3d at 1131. The defendant notes that "the choice of law rule followed by Alabama provides that the law of the state wherein the contract was executed governs questions regarding the validity and interpretation of the agreement." *American Nonwovens, Inc. v. Non Wovens Engineering, S.R.L.*, 658 So. 2d 565, 567 (Ala. 1994). He then posits, with no supporting evidence, that the Agreement was made in California, rendering California law relevant. (Doc. 14 at 6). In fact, the Agreement recites that it "is made … at Baldwin County, in the State of Alabama." (Doc. 1 at 12). The defendant does not address this explicit evidence of where the Agreement was made. Nor does he acknowledge that "Alabama follows the rule of lex loci contractus … *except* where the parties have legally contracted with reference to the laws of another jurisdiction." *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991) (emphasis added). Because the parties contracted with reference to the laws of Alabama, California law could not matter even if the Agreement was in fact entered there.[14]

---

Whatever California's public policy, the defendant cites no case refusing to enforce a forum selection clause because the selected forum might not enforce Section 16600, while the Court has located several cases enforcing such clauses despite such an objection. *See Loughlin v. Ventraq, Inc.*, 2011 WL 1303641 at *7 (S.D. Cal. 2011); *Mahoney v. Depuy Orthopaedics, Inc.*, 2007 WL 3341389 at *8 (E.D. Cal. 2007); *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006).

[14] The defendant coincidentally cites two cases finding, as an exception to the exception, that Alabama courts will not enforce a choice-of-law provision when application of the chosen jurisdiction's law would violate Alabama public policy, (Doc. 14 at 7), but he does not explain
(Continued)

Before this suit was filed, the defendant herein filed a declaratory judgment action in California. The plaintiff herein responded by agreeing to a stipulated judgment declaring the non-compete provision, or a large part of it, "null and void, pursuant to California Business & Professions Code Section 16600." (Doc. 14, Exhibit 2 at 3). The defendant asserts, without explanation, that this circumstance justifies applying California law despite the Alabama choice-of-law provision. (Doc. 14 at 4-5). This is a non sequitur and provides no basis for sustaining removal.[15]

As noted, the defendant asserts that California law, rather than federal or Alabama law under *Rucker*, should directly govern the enforceability of the forum selection clause because that law "governs the rest of the contract." The defendant has not shown that the Eleventh Circuit would approve the Seventh Circuit's test but, in any event, the preceding discussion demonstrates why California law does not in fact govern the Agreement.

### C. Attorney's Fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Assuming without deciding that the defendant's removal was objectively unreasonable, the Court declines to award fees in light of the plaintiff's failure in its briefing to highlight several of the bases underlying the Court's ruling.

---

how Alabama law could violate Alabama public policy so as to vitiate the Agreement's choice-of-law provision.

[15] While the parties invite the Court to pronounce the scope and meaning of the quoted language (including whether it leaves the plaintiff free to argue the provision is *not* null and void), that question goes to the merits and is for the state court to resolve.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Baldwin County. The plaintiff's request for an award of fees and expenses, construed as a motion, is **denied**. The defendant's motion to transfer, (Doc. 13), is **denied as moot**.

DONE and ORDERED this 30th day of September, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE